IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CORINA T. ALLEN, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | C.A. NO. 4:09-CV-04088 |
| | § | |
| RADIO ONE OF TEXAS II, LLC | § | |
|     Defendant | § | |

**JOINT ADVISORY TO THE COURT
REGARDING PROPOSED EQUITABLE RELIEF**

Plaintiff Corina T. Allen and Defendant Radio One of Texas II, LLC now make the following advisory to the Court regarding post-trial equitable relief to be ordered by the Court:

1. The parties have extremely divergent view regarding the nature and extent of equitable relief that is appropriate in this case. To that end, the parties attach their competing proposals hereto, as follows:

    Exhibit 1    Plaintiff's proposal
    Exhibit 2    Defendant's proposal regarding retaliation
    Exhibit 3    Defendant's proposal regarding breach of contract

**PLAINTIFF'S VIEWS**

2. For the Plaintiff's part, she submits that the equitable relief entered should specifically restrain various categories of potentially retaliatory conduct, as opposed to simply barring "retaliation". As the Court knows, the law all along forbade Radio One from retaliating. And to prove that it did retaliate, Corina Allen needed two years, substantial discovery and a three day trial. Even today the Defendant still disputes whether it retaliated at all, even in the face of the audio recording admitted at trial. Thus, Plaintiff urges the Court to be specific in terms of what conduct is restrained so that she will not need to repeat this exercise whenever Radio One engages in some

more subtle means of retaliation or continuing conduct designed to make her business life more difficult.

3.     Plaintiff also believes the evidence presented at trial showed that Radio One, by its retaliatory conduct, has for two years handicapped Plaintiff's ability to market herself and her business over the past two years, causing harms that are simply not measurable in dollars.  Plaintiff therefore submits that it is appropriate that this Court not just "enjoin the respondent from engaging in such unlawful employment practice[s]" in the future, but also "order such affirmative action as may be appropriate, which may include, but is not limited to . . . any other equitable relief as the court deems appropriate."  42 U.S.C. § 2000e-5(g)(1).  Having saddled Allen with substantial disadvantages for the past two years, Plaintiff therefore proposes "affirmative action", as authorized by the statute, in the form of steps that Radio One must take to give Allen an advantage for a period of time into the future.  The form of this proposed relief is spelled out on pages 4-5 of Exhibit 1.  The relief described therein is based upon considerable thought by Allen but is very business-specific and requires that she present the Court with evidence to explain what it means, how it would work, and how it is designed i) to make up for past disadvantages and ii) provide additional protections in the near-term from subtle ways in which Radio One could continue to retaliate.  Plaintiff believes that a 90 minute hearing would be sufficient for her to present such evidence, answer any questions the Court may have about it, and for Radio One to submit its perspective.

## D<span>EFENDANT</span>'<span>S</span> V<span>IEWS</span>

4.     It is Defendant's position that the proposed equitable relief suggested by Plaintiff is overly broad and unduly burdensome.  Defendant submits that the Court should enter injunctive relief sufficient to afford Plaintiff the right to place advertising with Radio One of Texas II, LLC on the same terms and conditions as others in her field but not afford her future favorable treatment.

Defendant further disagrees that affirmative action is appropriate relief in this case given the jury's specific award of lost income to Plaintiff.

5. Defendant further submits that the scope of equitable relief available to Defendant for Plaintiff's breach of her employment agreement is not, as Plaintiff suggests, limited to the return of seven pages of documents, but extends to all information subject to Plaintiff's employment agreements. The Court found that Plaintiff breached her employment agreement "when she retained confidential information after her termination" without limiting the "confidential information." It is undisputed that Plaintiff in fact retained numerous documents above and beyond the seven pages referenced in Plaintiff's proposed judgment. Defendant therefore request that Plaintiff be required to return all confidential information, and account therefore, pursuant to the Court's summary judgment order and Plaintiff's employment contract.

6. Defendant is diligently exploring the impact on Radio One of Texas II, LLC's operations with the relevant business units of Radio One of Texas II, LLC, and will advise the Court if Defendant is able to agree to any additional parts of the relief requested by Plaintiff.

7. Defendant agrees that a 90 (ninety) minute hearing would be sufficient for testimony and argument on these issues providing that each side is permitted equal time.

### THE PARTIES' AGREEMENT REGARDING THE STATUTORY DAMAGE CAP

8. Finally, the parties are in agreement that under the facts presented in this case, and for purposes of this case only, for purposes of Title VII's statutory damage cap the number of Defendant's employees should be aggregated with Radio One, Inc.'s, and together exceeded 500 employees at all relevant times. *Vance v. Union Planters Corp.*, 209 F.3d 438, 447 (5th Cir. 2000); *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir. 1983). Accordingly, the parties agree that the applicable cap for compensatory and punitive damages in this case is $300,000.00. 42 U.S.C. §

1981a(b)(3)(D).  Thus, the judgment should include the lost income found by the jury, $10,000 for mental anguish as found by the jury, and $290,000 for punitive damages (i.e., the amount awarded by the jury reduced to the remaining balance of the statutory cap after accounting for the mental anguish damages).

        Respectfully submitted,

        DOW GOLUB REMELS & BEVERLY, L.L.P.

        s/ Andrew S. Golub
        Andrew S. Golub
        State Bar No. 08114950
        9 Greenway Plaza, Suite 500
        Houston, Texas 77046
        Tel:  (713) 526-3700
        Fax:  (713) 526-3750

        ATTORNEY FOR PLAINTIFF
        CORINA ALLEN


        BAKER BOTTS, L.L.P.


        s/ Andrew S. Golub (by permission)
        Dennis P. Duffy
        State Bar No. 06168900
        Federal I.D. No. 10502
        One Shell Plaza
        910 Louisiana Street
        Houston, Texas 77002
        Telephone:  713.229.1799
        Facsimile:   713.229.2899
        E-mail:  dennis.duffy@bakerbotts.com

        ATTORNEY FOR DEFENDANT RADIO ONE OF
        TEXAS II, LLC

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on May 25, 2011, a true and correct copy of the foregoing document was served via the Court's ECF system:

Dennis Duffy
Kyle Harris
Baker Botts, L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002

                                            s/ Andrew S. Golub
                                            Andrew S. Golub