```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION


CORINA T. ALLEN,                  §
                                  §
     Plaintiff,                   §
                                  §
                                  §
v.                                §    CIVIL ACTION NO. H-09-4088
                                  §
                                  §
RADIO ONE OF TEXAS II, LLC,       §
                                  §
     Defendant.                   §
```

## **ORDER ON EQUITABLE RELIEF AND OTHER POST-TRIAL ISSUES**

On the 7th day of June, 2011, the Court received testimony and heard the arguments and authorities presented by counsel for Plaintiff Corina T. Allen and Defendant Radio One of Texas II, LLC ("Radio One"), regarding equitable relief sought by the parties, and also heard the parties on all other post-trial issues with respect to the entry of a Final Judgment.

### Plaintiff's Damages

The parties are agreed and have stipulated (Document No. 131, at 3) that pursuant to 42 U.S.C. § 1981a(b)(3)(D), the Jury's Verdict awarding to Plaintiff $750,000 for punitive damages must be reduced to $290,000, which together with the $10,000 awarded by the Jury for Plaintiff's emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life, will comply with the

statutory cap of $300,000 applicable to Defendant.  Accordingly, based on the Verdict as modified in accordance with law, Plaintiff Corina T. Allen will be awarded damages for lost income in the amount of $6,617.45, plus $300,000 for statutorily capped additional damages found by the Jury, for a total of $306,617.45.  This sum, plus the amount of attorney's fees found hereinbelow, will be the total monetary award adjudged for Plaintiff in the Final Judgment.

## Plaintiff's Equitable Relief

Plaintiff urges the Court not only to enjoin Defendant from engaging in further retaliation against Plaintiff by refusing to deal with and to accept radio advertising from her or her agency, but also to order affirmative action in the form of requiring Radio One to provide to Plaintiff specific commercial benefits for a period of three years.  For examples, she requests the Court to require Defendant to provide to Plaintiff radio advertising rate discounts of 20% from the gross average unit rates for which Defendant sells radio advertising to others, to provide to Plaintiff guaranteed rate cards for certain kinds of radio advertising with a "minimum discount of 20%," to observe other commercial practices designed to benefit only Plaintiff, and to require Defendant to verify to Plaintiff from its records the discounts to which Plaintiff would become entitled for a period of

three years. Defendant acknowledges that Plaintiff, based upon the Jury Verdict, is entitled to injunctive relief requiring Defendant to cease refusing to accept radio advertising from Plaintiff and to deal with her on the same commercial terms and conditions as others in her field, but that she should not be provided future more favorable commercial treatment than other outside advertising agents and/or agencies.

Plaintiff Corina T. Allen testified at the post-trial hearing that she is asking for favorable discounts (in addition to her regular commissions) for a period of three years in order to remediate the adverse impact that she claims she and her business sustained for two years at the hands of Defendant, which, she says, prevented her from growing her business and reputation as an urban radio advertising specialist. Moreover, she states that she fears further retaliation by Defendant, even from its highest levels, and fears that Defendant will give her less favorable pricing than other agents, not negotiate in good faith, delay its responses to her, and refuse to give her "uniform pricing" on a gross basis, especially with respect to club packages.

Defendant points out that Plaintiff has not identified any other outside radio advertising sales agency such as Plaintiff's that receives the favorable treatment that Plaintiff seeks, and that it is customary for sellers and purchasers of radio advertising often to negotiate for rates and other considerations.

Defendant also argues that Plaintiff had full opportunity at the trial to present evidence of any additional economic damages or business losses that she sustained as a proximate cause of Defendant's retaliation, and that it is not appropriate to award an add-on to Plaintiff's actual loss of income that the Jury found in its Verdict.  Indeed, Plaintiff testified that her new business in two years' time produced $1.5 million in radio advertising, of which her agency earned customary commissions of 15%, which would appear quite successful for an upstart business with no employees other than Plaintiff, an office in her home, and no proof of any material capital investment.  Indeed, on this record it would be highly speculative, to say the least, for the Court to find that Plaintiff's business and reputation have suffered quantifiable losses for which future commercial benefits should be awarded in addition to her recovery of proven damages.

The Court has carefully considered the evidence and the parties' arguments--portions of which are referred to above--and is of the opinion that the following injunctive relief, together with the damages awarded by the Jury, will make Plaintiff whole and fairly provide to Plaintiff all relief to which she is entitled on a going-forward basis:

Defendant Radio One of Texas II, LLC, including its subsidiaries, parents (which includes Radio One, Inc.), and affiliates, and their officers, agents, servants, employees, and

attorneys (the "Enjoined Parties"), shall be permanently restrained and enjoined from refusing to accept radio advertising tendered by Corina T. Allen or on behalf of a client by Corina T. Allen and/or any business entity in which she serves as an owner, member, shareholder, partner, or in a similar capacity, including but not limited to Radio Results Specialists, LLC, on the same commercial terms and conditions and subject to the same policies applicable to other outside agencies and/or agents who tender radio advertising to Radio One of Texas II, LLC and/or any of its subsidiaries, parents, or affiliates. "[T]o accept advertising tendered individually by Corina T. Allen . . . on the same commercial terms and conditions and subject to the same policies applicable to other outside agencies and/or agents," as that language is used in this Injunction, also means that the Enjoined Parties shall accord to Corina T. Allen the same favorable treatment that the Enjoined Parties provide to other outside agencies and/or agents, which includes but is not limited to regularly accepting and returning telephone calls; responding to all other forms of communication (including voicemails, telephone messages, and emails); responding to Requests for Proposals; participating in meetings; advising of Defendant's capabilities available to advertisers; negotiating in good faith; providing prices on the same gross basis for all products for which prices are quoted on a gross basis to other advertisers, agencies and/or agents; providing the standard agency

discount that is provided to other agencies and/or agents; providing accurate information on rate card and/or sell-out status; and otherwise adhering to the usual good business practices regularly employed by Radio One of Texas II, LLC to attract and to obtain radio advertising business from other agency/agent relationships.

### Attorney's Fees

Pursuant to 42 U.S.C. § 2000(e)-5(k), the Court finds that Plaintiff Corina T. Allen is entitled to recover reasonable attorney's fees from Defendant for that portion of the case upon which Plaintiff prevailed, namely the retaliation claim. Plaintiff and Defendant have mutually agreed and stipulated that the amount of Plaintiff's reasonable attorney's fees for that portion of the case upon which Plaintiff prevailed, through June 2, 2011, are as follows:

| | |
|---|---|
| Dow Golub Remels & Beverly, L.L.P. | $273,272.59 |
| Law Offices of Thomas H. Padgett, Jr. | 59,380.00 |
| Total | $332,652.59 |

Plaintiff also requests additional fees through the hearing conducted on June 7, 2011, but provided no evidence to support an additional amount.  The Court, having read the submissions filed since June 2nd, and having observed counsel for Plaintiff in Court,

finds from the circumstantial evidence that an additional award of $1,000 is warranted to compensate Plaintiff for her attorney's fees from June 2, 2011 to the date of Final Judgment. Accordingly, a Judgment will be entered in favor of Plaintiff for an award of $333,652.59 in reasonable attorney's fees. This sum, plus the damages award made by the Jury and modified hereinabove, will result in a total monetary recovery for Plaintiff, inclusive of attorney's fees, of $640,270.04.

<u>Defendant's Equitable Relief</u>

Defendant seeks equitable relief based on the summary judgment entered in its favor that Plaintiff breached her employment contract with Radio One for the year September 23, 2006 to September 22, 2007, by failing to return to Radio One immediately upon her December 6, 2007 separation from Radio One certain "confidential information" that had been delivered to her during the contract term. Plaintiff through her counsel has now delivered to Defendant's counsel all of the original Radio One documents that were the subject of Radio One's breach of contract counterclaim, including all of those documents in Defendant's Trial Exhibit No. 27. Defendant's counsel acknowledges having received those documents, but vaguely seeks others, without being able to identify any specifically, and Defendant further seeks an accounting from

Ms. Allen of all the confidential information and other Radio One property in her possession and/or control.

As observed earlier in this Order, Ms. Allen testified at the June 7th hearing and was cross-examined by Defendant's counsel. The Court finds from a preponderance of the evidence that at the time Defendant took her oral deposition, Ms. Allen delivered to her own counsel all Radio One confidential information and other documents that she had in her possession, even including Radio One's obligatory post-termination notice to her as a former employee advising her of her COBRA rights. Ms. Allen further testified, and the Court finds from a preponderance of the evidence, that in the intervening period since her deposition was taken, she relocated her office in her home and, when she did so, once again had occasion thoroughly to examine the documents in her possession, and that she found no other Radio One documents.

The Court finds from a preponderance of the evidence that Ms. Allen has no confidential information or other property of Radio One in her possession or subject to her control, and this finding obviates any need for injunctive relief to require her to perform what she already has fully performed.[1]  The Court further

---

[1] The remaining copies of Radio One's documents are in the custody of Plaintiff's counsel, who holds them under an Agreed Protective Order, and, upon the judgment in this case becoming final, Plaintiff's counsel will either return them to Defendant or destroy them, whichever may be required by the Agreed Protective Order.

finds from a preponderance of the evidence that Ms. Allen never used the confidential information in her possession after she was discharged by Radio One and, in fact, she credibly testified at trial that she did not even know that the materials were in her possession until she searched for Radio One documents at the request of her counsel in order to comply with Defendant's discovery request.  Defendant could identify no damages that it sustained from Plaintiff's technical breach of her employment contract.  Accordingly, the Court finds that while Defendant is entitled to judgment that Plaintiff breached the employment contract as found in the Memorandum and Order granting summary judgment, Plaintiff's previous return of all of Radio One's confidential information and property to Radio One, and the fact that she did not use the confidential information after she was terminated, renders unnecessary any injunctive or other equitable relief against her.  Defendant already has been made whole on its counterclaim.

## Attorney's Fees for Defendant

As set forth above, the Court found that Plaintiff breached the terms of her contract as described in the Memorandum and Order signed April 20, 2011.  Defendant suffered no damages as a result of the breach, but prayed for reasonable attorney's fees and costs, and "such other relief, equitable or legal, that this Court

may deem just and proper under the circumstances." (Counterclaim at 14). The Court ruled in its summary judgment Order that "[r]emaining for trial are Allen's retaliation claim and, following trial, determination of the equitable remedies to which Radio One is entitled by reason of Allen's breach of her employment contract." The Court never mentioned attorney's fees, although Defendant now points to an earlier sentence not in the Order but in the Memorandum, at page 26, which stated: "The nature and extent of the equitable relief and *any other remedies* will be determined after trial." Defendant argues that the Court's reference to "other remedies" means attorney's fees for Defendant.

Regardless, a week after the Court issued its Memorandum and Order granting summary judgment, Plaintiff and Defendant on April 27, 2011, filed their Joint Pretrial Order. In the Joint Pretrial Order, Defendant made no claim for attorney's fees for itself although it did list as a contested proposition of law "[w]hether and to what extent Plaintiff is entitled to attorney's fees." Plaintiff therefore argues that Defendant waived its own prior claim for attorney's fees.

In retrospect, after having heard all of the trial evidence and the additional evidence at the June 7th hearing, it appears that Defendant's counterclaim for breach of Plaintiff's employment contract regarding Radio One's "confidential information" was pretty much a tempest in a teapot, amounting to nothing more than

a technical violation. The "confidential information" such as it was, was dated and grew more stale each day. It was useless to Plaintiff and never used by her after her termination, and for a long time she was unaware it was in her possession. Defendant's counterclaim bears the marks of a claim that Radio One would not have filed as a lawsuit but for the fact that the discharged employee had filed against Radio One a Title VII suit for discrimination and for retaliation, and Radio One, upon discovering a technical even if inconsequential claim against Plaintiff, evidently chose to instruct its attorneys to sue her in return.

Whether a party should be rewarded with "reasonable" attorney's fees for instructing its attorney to file a "sue them back" counterclaim, however, need not be decided. The Court finds that Defendant waived any right to recover attorney's fees by omitting such a claim from its portion of the Joint Pretrial Order filed a week after the Court granted Defendant's Motion for Summary Judgment on its counterclaim. *See* <u>Elvis Presley Enterprises v. Capese</u>, 141 F.3d 188, 206 (5th Cir. 1998). For this reason, Defendant's request for attorney's fees will be denied.

## Conclusion

The Court will separately render Final Judgment based upon the Verdict of the Jury, the Order on Summary Judgment signed April 20,

11

2011, and the findings made in this Order on Equitable Relief and Other Post-Trial Issues.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 9th day of June, 2011.

```
                    _____
                         EWING WERLEIN, JR.
                      UNITED STATES DISTRICT JUDGE
```